**HAMILTON v. WATSON. (7 Div. 705.)**

(Supreme Court of Alabama. March 24, 1927.)

1. Injunction ⬠121—Amendment to bill to enjoin action at law for money had and received, alleging rightful possession in complainant, stated defense to action at law.

Where bill to enjoin an action at law for money had and received by administratrix of wife's estate against administratrix of surviving husband was amended to show that subject-matter of action at law was proceeds of certificates of deposit issued to deceased wife for money belonging to husband, such amendment stated a complete defense to action at law available under general issue.

2. Injunction ⬠121—Court, after amendment to bill to enjoin action at law stating defense thereto, should disregard aspect of bill which was without equity.

Where amendment to bill presenting a proper case for injunction against action at law stated a defense to action at law available under general issue, it was duty of court on final hearing to disregard aspect of bill which was without equity and consider case on aspect in which bill contained equity.

3. Courts ⬠37(3)—Party invoking equity jurisdiction will not be permitted to assert inconsistent theory depriving court of jurisdiction.

Where a party invokes jurisdiction of court of equity on an alleged state of facts which gives court jurisdiction, he will not be permitted to assert an inconsistent theory, which would deprive court of jurisdiction.

4. Estoppel ⬠68(2)—Administratrix of surviving husband's estate, after securing injunction against action at law by administratrix of deceased wife, may not invoke laches.

Where administratrix of estate of surviving husband has secured injunction against action at law by administratrix of deceased wife to recover money had and received, she will not be permitted to invoke doctrine of laches against wife's administratrix after hailing her into court on theory that she had equal interest in money in controversy.

5. Equity ⬠67—Doctrine of laches is creature of courts of equity, with object in general to exact of complainant fair dealing with adversary.

Doctrine of laches is creature of courts of equity, and rests on idea that nothing can quicken into exercise activities of court of equity but conscience, good faith, and reasonable diligence, and is based on consideration of public policy with object in general to exact of complainant fair dealing with his adversary.

6. Descent and distribution ⬠82—Surviving husband, converting deposit certificates of deceased wife, must deal openly and fairly with deceased wife's sister.

Surviving husband, converting certificates of deposit of deceased wife by indorsing her name thereon and collecting money from bank, had duty of dealing openly and fairly with wife's sister and informing her of true facts.

7. Appeal and error ⬠1008(1)—Trial court's finding on facts will not be disturbed, where evidence was given ore tenus.

Where evidence was given ore tenus, Supreme Court will not disturb finding of trial court on facts.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill in equity by Cora A. Hamilton, as administratrix of the estate of N. O. Hamilton, deceased, against Mentie C. Watson, as administratrix of the estate of E. E. Hamilton, deceased, wherein defendant filed a cross-bill. From the decree, complainant appeals. Affirmed.

Merrill, Field & Allen, of Anniston, for appellant.

Title to money deposited in bank without the owner's consent does not pass from him. 7 C. J. 639; Bessemer Sav. Bank v. Anderson, 134 Ala. 346, 32 So. 716, 92 Am. St. Rep. 38. Defendant was guilty of laches barring a recovery. Peters Min. L. Co. v. Hooper, 208 Ala. 324, 94 So. 606; Woodlawn R. Co. v. Hawkins, 186 Ala. 234, 65 So. 183; 17 R. C. L. 358; 37 C. J. 929.

J. S. McLendon and Rudulph & Smith, all of Birmingham, for appellee.

The findings of the trial court, on testimony taken ore tenus, will not be disturbed unless plainly erroneous. McSwean v. Mc-

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Swean, 204 Ala. 663, 86 So. 646; Christie v. Durden, 205 Ala. 571, 88 So. 667. The law presumes that a deposit in bank belongs to the person in whose name it is entered, and the burden to show the contrary here was on the complainant. 7 C. J. 639; Bessemer Bank v. Anderson, 134 Ala. 346, 32 So. 716, 92 Am. St. Rep. 38. The fact that defendant failed to discover the fraud of N. O. Hamilton was due to her reliance on his representations, and complainant may not now assert laches. Williams v. Bedenbaugh, ante, p. 200, 110 So. 286; Hartley v. Frederick, 191 Ala. 175, 67 So. 983; Mullen v. Walton, 142 Ala. 166, 39 So. 97; Am. Bon. Co. v. Fourth Nat. Bank, 206 Ala. 639, 91 So. 480. The action did not accrue until discovery of the fraud. Code 1923, § 8966; Jones v. Coan, 146 Ala. 660, 41 So. 757.

BROWN, J. The bill in this case was filed by the appellant as the administratrix of N. O. Hamilton, deceased, against the appellee, the administratrix of E. E. Hamilton, deceased, to enjoin an action at law brought by the appellee against the appellant for money had and received. The equity of the bill was sustained in the case of Watson v. Hamilton, 211 Ala. 688, 101 So. 609, on the assertion of the complainant, that her intestate, as the surviving husband of E. E. Hamilton, deceased, was, under the statute of distribution, entitled to one-half of the money sought to be recovered in the action at law, and that no necessity existed for "pushing the property through the diminishing process of administration," a defense not available in the action at law, but sufficient to authorize the intervention of a court of equity. The facts upon which the equity of the original bill is predicated, above stated, were admitted in the answer of the defendant.

On submission of the cause for final decree, the testimony being taken ore tenus, the court granted the relief according to the averments and prayer of the original bill, perpetually enjoining the action at law, conditioned upon the complainant paying to the respondent one-half of the money collected by complainant's intestate, and rendered a decree against the complainant for the amount ascertained to be due to the respondent. This appeal is from the final decree.

Before the submission of the cause for final decree, but after the testimony had been taken and the material averments of the original bill had been admitted, without striking out the averments of the original bill, the effect of which are hereinabove stated, the complainant added by amendment paragraphs 6 and 7. Paragraph 6, in short, asserts that the money in controversy between the parties and the subject-matter of the action at law was the proceeds of the certificates of deposit issued by the bank to the said E. E. Hamilton, the deceased wife of N. O. Hamilton, for money deposited by her belonging to the said N. O. Hamilton, and without the knowledge and consent of the said N. O. Hamilton; that said certificates of deposit were obtained by the said N. O. Hamilton rightfully; that they were his property, and he had the right to collect the money on them from the bank; and that the estate of E. E. Hamilton, deceased, had no rights, legal or equitable, in the money so received by him. Paragraph 7 averred that Mrs. Watson had notice or knowledge that her sister, the said E. E. Hamilton, had money on deposit in the bank four months before her death, and had been guilty of negligence and laches in prosecuting her claim.

[1] If the averments of paragraph 6 portray the true facts of the case, it is clear that the complainant had a complete defense to the action at law, available to her under the general issue. The burden was on the plaintiff there to show that the money in controversy, ex æquo et bono, belonged to the plaintiff as the administratrix of the estate of E. E. Hamilton, deceased. Farmers' Bank & Trust Co. v. Keihn, 192 Ala. 53, 68 So. 363. The bill as thus amended therefore presents the complainant's case in two aspects, one inconsistent with the other. In one aspect the bill has equity, in the other it is without equity.

[2] Under this state of the pleadings it was the duty of the court on final hearing to disregard that aspect of the bill which was without equity and consider the case on the aspect in which the bill contained equity.

[3] The rule applicable is that when a party invokes the jurisdiction of a court of equity on an alleged state of facts which gives the court jurisdiction, he will not be permitted to assert an inconsistent theory which would deprive the court of jurisdiction. Tygh v. Dolan, 95 Ala. 269, 10 So. 837; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; 10 R. C. L. 699, § 27.

[4] For like reasons we are of opinion that the appellant is not in a position to invoke the doctrine of laches against the appellee, whom he had hailed into court on the theory that she, as administratrix of the estate of E. E. Hamilton, deceased, has an equal interest in the money in controversy.

[5] The doctrine of laches is a creature of courts of equity and rests upon the idea that nothing can quicken into exercise the activites of a court of equity but conscience, good faith, and reasonable diligence, and is founded principally upon the maxims that "he who seeks equity must do equity, he who comes into equity must come with clean hands," and "equity serves the vigilant and not those who sleep over their rights," and is based on considerations of public policy. Its object is in general to exact of the complainant fair dealing with his adversary. Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85;

Comans v. Tapley, 101 Miss. 203, 57 So. 567, Ann. Cas. 1914B, 307. This doctrine was never intended to aid a complainant who, upon the very threshold of the court, has conceded the rights of the defendant to defeat those rights.

[6] Aside from the foregoing, the undisputed evidence shows that the complainant's intestate a short time after the death of E. E. Hamilton converted the certificates of deposit by indorsing the name of E. E. Hamilton thereon and collecting the money from the bank. The evidence also shows that he had knowledge that his deceased wife's sister, Mrs. Watson, had some information that her sister had money in the bank shortly before her death, and under these circumstances it was the duty of said N. O. Hamilton to deal openly and fairly with his sister-in-law and inform her of the true facts. Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

[7] There is evidence tending to show that said Hamilton by his conduct and conversation toward and with Mrs. Watson lulled her into inactivity, and that she did not ascertain the true status of her rights until a short time before the action at law was instituted. 10 R. C. L. 402, § 149. These were questions of facts to be solved on the conflicting evidence and its tendencies, and under the repeated rulings of this court, where the evidence is given ore tenus, we will not disturb the finding of the trial court on the facts. McSwean v. McSwean, 204 Ala. 663, 86 So. 646; Christie v. Durden, 205 Ala. 571, 88 So. 667.

The proceedings in the trial court appear to be free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.