(115 So. 866)

### CALKINS v. CALKINS. (6 Div. 38.)

Supreme Court of Alabama. Jan. 12, 1928.

Rehearing Denied April 5, 1928.

1. Judgment ⬦⟹822(1)—Judgment pleaded in court of sister state as foundation of right evidenced by duly authenticated transcript held entitled to same effect as evidence as it has in state where rendered (Const. U. S. art. 4, § 1).

Under full-faith and credit clause of the Federal Constitution (article 4, § 1), judgment of court of one state pleaded in courts of sister state as foundation of right, evidenced by duly authenticated transcript, is entitled to same force and effect as evidence which it has in state where rendered.

2. Judgment ⬦⟹822(3)—Status of citizenship of persons within state is exclusively for such state to determine, regardless of full-faith and credit clause.

Regardless of full-faith and credit clause of Federal Constitution (article 4, § 1), as applied to judgments, status of citizenship of persons within state is exclusively for such state to determine.

3. Parent and child ⬦⟹2(3)—In dealing with custody of minors, courts of equity give paramount consideration to child's welfare.

In dealing with custody of minors, courts of equity give paramount consideration to child's welfare, viewed in light of conditions and circumstances at time.

4. Judgment ⬦⟹585(5)—Generally judgments and decrees dealing with custody of minors are not res judicata as to facts and conditions subsequently arising.

Generally judgments and decrees of equity courts concerning custody of minors are not res judicata as to facts and conditions subsequently arising, and do not preclude courts of states from which they are rendered from further inquiry into subject as between same parties.

5. Judgment ⬦⟹822(3)—Judgment settling custody of minor not res judicata in state where rendered under different circumstances held entitled to no greater weight in sister state.

Under full-faith and credit clause of Federal Constitution (article 4, § 1), judgment settling custody of minor, not res judicata in state where rendered, as to facts and conditions subsequently arising, is entitled to no greater weight in courts of sister state.

6. Divorce ⬦⟹289—Parent and child ⬦⟹2(2)—Although in divorce suit custody of child may only be determined as between parents, in other suits, custody may be taken from parents and given to others.

In suit involving child's custody, child's interest is paramount fact to consider, and, although in divorce suit only right to custody as between parents may be determined, in other suits, custody may be taken from parents and given to others.

7. Divorce ⬦⟹332—Father's illness held no reason for requiring wife divorced by foreign decree and awarded child's custody to allow visit.

Fact that father was afflicted with heart trouble and partial paralysis likely to cause death at any time held no reason to require mother, awarded child's custody by divorce decree of court of another state, to permit child to visit him.

8. Divorce ⬦⟹332—In action to require divorced wife to allow child to visit father, foreign judgment as to child's custody held not controlling.

In father's action to compel divorced wife to permit child to visit him, foreign judgment denying divorce and dividing custody of child between parties held not controlling.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petition in equity by Charlie H. Calkins against Lenora Calkins, alias Lenora Wilson. From a decree denying relief, petitioner appeals. Affirmed.

The petition is filed by the father of Charles Wilson Calkins, a minor, against respondent, wife of petitioner and mother of the child. It alleges that petitioner filed a bill, in the district court at Ft. Scott, Kan., seeking divorce from respondent and custody of the child; that divorce was denied, but custody of the child divided between the parties; that respondent violated the terms of the decree, whereupon petitioner secured a modification of it, changing the periods during which the respective parties would have the custody of their child; that still later (in 1924) the decree was modified to the extent of· giving the custody of the child to the father, petitioner, during school months and to the mother during vacation or summer months; that under authority of this last decree respondent obtained custody of the child and removed from and has remained out of the state of Kansas and beyond the jurisdiction of the court of that state; that, respondent having failed to abide the decree of the district court, said court in 1927 entered a decree ordering respondent to produce said child at Ft. Scott, Kan.; that respondent failed to heed said decree; and that respondent now resides in the state of Alabama. The petition shows that it is not the desire of petitioner "to deprive said Lenora Calkins of all the association with her child, nor to deny her any reasonable· privilege as a mother, but that he does desire that the said Lenora Calkins be required by this court to comply with the terms of the decree of the Kansas court to such reasonable extent as this court may order and decree." There are also allegations as to the fitness and ability of the respective parties to maintain the child. The prayer is for remanding of custody to a named person pending hearing and disposition of the petition, and that custody and care of the child be placed in the hands of petitioner for such time and upon such conditions as the court may deem wise. Petitioner submits himself to the jurisdiction of the court.

Briefly, it appears that these parties were married in April, 1915, in Lamar, Mo., and lived with the husband's parents, in Ft. Scott, Kan., until July when, a disruption threatening, they moved to an apartment for two or three months. Respondent then left petitioner and went to her father, but later returned. The child was born the following March. The parties lived together until the following February, when petitioner went back to his parents and respondent returned to her home in another state. The following summer petitioner went to the home of respondent's parents and stayed something like a month with the respondent; the child

being then about 3 years old. Respondent yielded to petitioner's request that the child be allowed to visit him in Kansas. Petitioner took the child to Ft. Scott, Kan., and commenced proceedings for divorce and custody of the child. Respondent appeared and resisted the suit. Divorce was denied, and the custody of the child divided between the parties. Thereafter respondent obtained, in Tennessee, a divorce from petitioner and exclusive custody of the child. Thereafter respondent lived in various places, finally removing to Birmingham, Ala., where she now works and resides with the child.

After hearing, the trial court rendered final decree dismissing the petition. Petitioner appeals.

B. Hudson and Douglas Hudson, both of Ft. Scott, Kan., and Vassar L. Allen, of Birmingham, for appellant.

The decree of courts of sister states are entitled to full faith and credit. Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447. The father is entitled to custody of his child under ordinary circumstances and where there are no intervening causes of overwhelming force to suggest otherwise. Ex parte Rickerson, 203 Ala. 305, 82 So. 769; Bryan v. Bryan, 34 Ala. 516. The decree of a sister state involving custody of children are res adjudicata as to all matters arising prior to and up to the time of the rendering of such decree. Hammond v. Hammond, 90 Ga. 527, 16 S. E. 265; Wilson v. Elliott, 96 Tex. 472, 73 S. W. 368, 97 Am. St. Rep. 928; Bleakley v. Barclay, 75 Kan. 462, 89 P. 906, 10 L. R. A. (N. S.) 230; Lassiter v. Wilson, 207 Ala. 569, 93 So. 598; Kenner v. Kenner, 139 Tenn. 211, 201 S. W. 779, L. R. A. 1918E, 587.

Matt H. Murphy, of Birmingham, for appellee.

Witnesses having been examined orally before the trial court, his conclusion on the facts will not be disturbed unless plainly and palpably erroneous. Hess v. Hodges, 201 Ala. 309, 78 So. 85, L. R. A. 1918D, 858; Joiner v. Watkins, 186 Ala. 211, 65 So. 135; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152, 74 So. 62; Clark v. Whitfield, 213 Ala. 441, 105 So. 202.

BROWN, J. [1] The general effect of the full-faith and credit clause of the Federal Constitution (article 4, § 1), as related to judgments, is that, when the judgment of a court of one state is pleaded in the courts of a sister state as the foundation of a right, and a duly authenticated transcript of the proceedings is offered in evidence to establish such right, such judgment is entitled to the same force and effect as evidence as it has in

the state where rendered. Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; 15 R. C. L. pp. 927, 928, § 407, and authorities cited under note 16.

[2] An exception to this general rule is that the status of citizenship of persons within a state is exclusively for that state to determine, and as to such matters the full-faith and credit clause of the Federal Constitution is without influence. Tilt v. Kelsey, 207 U. S. 43, 28 S. Ct. 1, 52 L. Ed. 95; 15 R. C. L. 926, § 404.

[3-5] Courts of equity, in dealing with the custody of minors, give paramount consideration to the welfare of the child, viewed in the light of the conditions and circumstances surrounding at the time, and as a general rule judgments and decrees of this nature are not res judicata as to facts and conditions subsequently arising, and do not preclude the courts of the state in which they are rendered from further inquiry into the subject as between the same parties. Such seems to be the rule recognized by the courts of the state of Kansas, in which the judgment here pleaded was rendered in a divorce proceeding. In the Matter of Frank B. Bort, 25 Kan. 308, 37 Am. Rep. 255; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Murphree v. Hanson, 197 Ala. 256, 72 So. 437; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447. Such judgment is entitled to no greater weight than this in the courts of a sister state under the full-faith and credit clause of the Constitution. Cole v. Cunningham, supra; 15 R. C. L. 940, § 417, and authorities there cited.

[6] In the Kansas case just cited, the court, speaking through Mr. Justice Brewer:

"We understand the law to be, when the custody of children is the question, that the best interest of the children is the paramount fact. Rights of father and mother sink into insignificance before that. Even when father and mother are living together, a court" of equity "has the power, if the best interests of the child require it, to take it away from both parents, and commit the custody to a third person. In other words, a court of chancery stands as a guardian of all children, and may interfere at any time, and in any way, to protect and advance their welfare and interests. Now, in a divorce suit, the court is limited to the question, Which of the two parents is the better custodian of the children? The decision only determines the rights of the parties inter sese. But in this proceeding the question is: What do the best interests of the children require? Shall they be given to either party, Or shall the court place the custody with some other person?" In the Matter of Frank B. Bort, supra.

This holding is in accord with our decisions. Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Burns v. Shapley, 16 Ala. App. 297, 77 So. 447; Sparkman v. Sparkman, ante, p. 41, 114 So. 580.

Burns v. Shapley, supra, differentiates itself from the case at bar. There the appellee had invoked the jurisdiction of the court of a sister state and procured a decree committing the custody of the children in question to him on condition that he keep them within the jurisdiction of the court. Immediately upon obtaining their custody and in contempt of the decree he removed them from that jurisdiction into this state. This fact being brought to the court's attention, the decree was modified, committing the custody of the children to the appellant, and without change of condition or circumstances affecting the welfare of the children, habeas corpus was brought by the appellant to recover the custody of the children, for the purpose of returning them to the state of their domicile from which they had been unlawfully removed. It was there held, in view of these circumstances, that the courts of this state, as a matter of comity would not inquire into their future welfare.

[7] The petitioner, no doubt recognizing that the decree of the Kansas court is not controlling in this proceeding for the reasons before stated, does not seek to have it enforced according to its terms, but prays:

"That the court would enter its order and decree placing the care and custody of said child in the hands of your petitioner for such time and upon such conditions as the court may deem wise," etc.

To state the question otherwise, the proceedings in the divorce action and the several decrees of the Kansas court as to the custody of the child are not pleaded as the foundation of a right to have the child's custody committed to the petitioner, to insure the child's welfare, but the proceeding is, in effect, one to compel the defendant to allow the child to visit his father, who is seriously affected with heart trouble and partial paralysis, that is likely to cause death at any time. This picture is sufficient to provoke sympathy and should appeal strongly to the mother to allow this son to visit his father, but such consideration cannot enter into or be allowed to control the solemn judgments and decrees of courts of justice.

The case was presented to the trial court on record evidence and testimony given ore tenus, and the question presented was one of fact—Was it for the best interest of the child, in view of the conditions and circumstances of the parents, that his present status be disturbed?

[8] The record evidence is not controlling, and, after careful consideration of the whole, we are not able to say that the decree of the learned chancellor is not well grounded. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.