(122 So. 615)

**BERRY v. BERRY.    (I Div. 533.)**

Supreme Court of Alabama.    May 23, 1929.

Harry T. Smith & Caffey, of Mobile, for appellee.

V. R. Jansen and Stevens, McCorvey, McLeod, Goode & Turner, all of Mobile, for appellant.

404

BROWN, J. This litigation involves the custody of the eight year old daughter of the parties, Mary Coleman Berry; they having been divorced by a decree of the chancery court of Shelby county, Tenn., in which the custody of the child was awarded to the appellant. The proceeding was instituted by appellant by petition praying for the issuance of a writ of habeas corpus. The writ was issued, directing the sheriff to take the child into his possession and produce it in court. The hearing was on evidence, in part documentary, and in part testimony given ore tenus. The order of the court awarded the custody of the child to the mother and dismissed the petition, and the petitioner has appealed.

■ One of appellant's contentions is that, inasmuch as the chancery court of Shelby county, Tenn., had assumed jurisdiction over the child in controversy, the child had become a ward of that court, and the circuit court of Mobile county, Ala., or the judge thereof, in a habeas corpus proceeding, applying strict legal principles, only had authority to determine whether or not the respondent's custody of the child was wrongful, and, if so, order its return to the petitioner to be returned to the jurisdiction of the Tennessee court.

We deem it a sufficient answer to this argument to say that, if strict legal principles, as distinguished from principles of equity which regard the welfare of the child as the question of controlling importance, be applied, treating the proceeding as one at law, as was done in Burns v. Shapley, 16 Ala. App. 297, 77 So. 447, a review here is foreclosed by the failure of the appellant to take a bill of exceptions. Allison v. Cox et ux., 218 Ala. 548, 119 So. 675.

■ It appears, however, that the proceeding was treated as one in equity, the testimony taken ore tenus was reduced to writing, and all of the evidence was noted by the register as in equity cases. Allison v. Cox et ux., supra. This being the state of the case, and the jurisdiction of the court having been invoked by the appellant, he is not in a posi-tion to question the court's jurisdiction to proceed according to equitable principles. Hamilton v. Watson, 215 Ala. 550, 112 So. 115.

■ As was pointed out in Calkins v. Calkins, 217 Ala. 378, 115 So. 866, in a divorce suit the court is limited to the question which of the two parents is, under the circumstances then existing, the better custodian of the child, and the decision only determines the right of the parents inter sese; but in a proceeding in equity involving nothing but the custody of the child, the scope of the inquiry is much broader, and the legal right of the parents is subordinate, the welfare and best interest of the child being the question of paramount importance. In re Frank B. Bort, 25 Kan. 308, 37 Am. Dec. 255; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Murphree v. Hanson, 197 Ala. 256, 72 So. 437.

■ The case as presented to the trial court and here is to be determined on questions of fact, and the controlling inquiry is, Looking to the welfare of the child and the situation and circumstances of the parents, will its interest be best subserved by leaving it in the custody of the mother, where she may be reared along with her little sister, or will her interest and welfare be best subserved by committing her to the custody of her father, where she is to be reared in the home presided over by a stepmother whose attitude in the matter in no way appears?

The case was fully and ably argued at the bar, and, after careful consideration, we are constrained to concur in the conclusion rendered by the learned trial judge, and this conclusion is reached upon consideration of the evidence which we deem legal, disregarding facts occurring previous to the rendition of the decree by the chancery court of Shelby county, Tenn.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.