162 So. 283

## JOHN HANCOCK MUT. LIFE INS. CO. v. JOHNSON.

### 7 Div. 290.

Supreme Court of Alabama.
March 28, 1935.

Rehearing Denied June 27, 1935.

Scott & Dawson and Thos. W. Millican, all of Fort Payne, for appellee.

Brief did not reach the Reporter.

C. A. Wolfes, of Fort Payne, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

**BROWN, Justice.**

The appellant by its assignments of error and argument contends, first, that the proof was insufficient to justify the conclusion of the trial court that appellee was permanently and totally disabled, within the meaning of the policy contract; and, second, that if the proof was sufficient in this respect the court's power was limited to decreeing the payment of installments due at the commencement of the suit, and therefore it was error for the court to require the payment of the monthly installments according to the election of the employer over a period of fifteen years.

It will be noted that the insurer, appellant here, upon due proof that before the insured had attained the age of sixty "he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit," engaged to pay "the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability," $1,000.

Therefore, the disability must be, not only total, but permanent; that is, in so far as the question of liability is concerned.

The evidence is without dispute that the appellee was totally disabled at the time the testimony was taken, March 28, 1934, and had been so totally disabled from engaging in any occupation "for wage or profit" since October 24, 1932, and the weight of the evidence goes to show that her condition is permanent. Therefore, the appellant's first contention cannot be sustained.

The second contention is clearly inconsistent with the position of the appellant taken when it moved the controversy to the equity docket and filed its bill invoking the jurisdiction and power of the court to specifically perform the contract by requiring the employer to designate the number of installments necessary to discharge its liability, if determined it was liable; therefore, its second contention cannot be sustained. Ray v. Hilman et al., 229 Ala. 424, 157 So. 676; Hamilton v. Watson, 215 Ala. 550, 112 So. 115.

Lest we be understood as approving the course of procedure adopted in this case, we deem it not out of the way to observe that it appears from this record that the appellant invoked the powers of the court of equity to specifically perform certain provisions of the contract between the parties, and the defendant, without objecting to this course of procedure, has tacitly consented thereto.

We have therefore limited our consideration to the question of the general power of the court to compel specific performance, and have not considered the

630

sufficiency of either the motion to remove the case or the bill, if appropriate objection had been made thereto.

The stipulation of the contract, which the appellant sought to have specifically performed, did not constitute a defense against liability, but was in respect to the method of discharging an ascertained or admitted liability, and it is doubtful whether the insurer could invoke the jurisdiction and powers of a court of equity to enforce such provision without admitting liability. See Hamilton v. Watson, supra.

█ In making this observation, we are not unmindful of the principle that where a party has a defense to an action which is not cognizable at law, but only in equity, by asserting such defense he does not waive other defenses that are available either at law or in equity (Boone et al. v. Byrd et al., 201 Ala. 562, 78 So. 958), unless such defense is wholly inconsistent with the facts stated in the bill and essential to its equity.

█ As to the form and effect of the decree, it is insisted that the court was without authority to decree the payment of installments not matured when the suit was instituted.

The answer to this contention is, that the complainant, by having the case removed to the equity docket and filing its bill, changed the action from one at law for the breach of a contract, to an action in equity for the specific performance of the contract, and under the terms of the contract the insured, if she established liability, was entitled to the face amount of the insurance, $1,000.

The complainant, who invoked the jurisdiction and powers of the court to specifically enforce the provision of the contract providing for payment in installments, has no ground to complain. The decree is final and conclusive as to the rights of the parties, and, so far as appears, no contingency can arise which would authorize any other result. John Hancock Mutual Life Insurance Company v. Lena Large, ante, p. 621, 162 So. 277.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

The decree of the circuit court is modified as ordered in the case of John Hancock Mutual Life Insurance Company v. Lena Large, ante, p. 621, 162 So. 277, and, as so modified, is affirmed. The application for rehearing is overruled.

All the Justices concur, except KNIGHT, J., not sitting.