EMBRY, Justice.
This is an appeal from a summary judgment entered in behalf of defendants Avery Lee Daniel and others. We affirm.
Plaintiffs James Lewis and his wife were officers in a family corporation, Tangle-wood Homes, Inc., which owned certain real property in Madison County. In 1962, the corporation divided the property into numerous lots. A majority of the lots measured 70 feet by 125 feet. Lot 12, the one in controversy here, measured 530 feet by 298 feet. All lots in the subdivision were subject to a restrictive covenant restricting *161 their use to permit only single family dwellings to be located thereon. The covenant is contained in a plat filed in the Madison County Probate Office.
In 1963, Tanglewood built three apartment buildings on one-half of Lot 12. The other half of that lot has remained vacant. The Lewises acquired title to Lot 12 when Tanglewood Homes, Inc., was dissolved in 1972. In 1977, the Lewises announced an intention to build three additional apartment buildings on the other half of Lot 12 and thereupon filed an action for declarato-ryJudgment seeking a declaration that the restrictive covenant did not apply to Lot 12.
The Lewises contend in the complaint for declaratory judgment that Lot 12 was erroneously designated a “lot” and was erroneously included in the plat filed in the probate office; that it was never intended that Lot 12 be subject to the restrictive covenant; that the adjoining landowners were estopped from asserting the validity of the restrictive covenant because they acquiesced in the initial violation of it at the time the three original apartment buildings were constructed; that the character of the neighborhood has changed to such an extent that the restrictive covenant no longer applies; that enforcement of the restrictive covenant would work economic hardship on the Lewises; and, permitting the planned construction would not detrimentally affect defendants.
Defendants, owners of residences in the subdivision neighboring the vacant portion of Lot 12, counterclaimed for damages on account of the 1963 construction of the three existing apartment buildings and answered plaintiffs’ complaint, pleading the statute of limitations and laches. Both sides moved for summary judgment. After a hearing, the trial court granted both sides’ motions for summary judgment, holding that none of the parties “should recover due to the statute of limitations and laches, * *
Three issues are presented: (1) which statute of limitations, if any, is applicable, (2) has an applicable statute of limitations run; and, (3) does the doctrine of laches bar relief? Because we hold that the doctrine of laches bars relief we pretermit discussion of the other issues.
We note at the outset that the facts of this case are unique. Ordinarily, in a case of this sort, it would be claimed that one party breached the restrictive covenant. The other party would be seeking either damages or an injunction to prohibit violation of the covenant. In the case at bar, the Lewises seek to circumvent the foregoing hypothetical by an action for declaratory judgment seeking a declaration that the restrictive covenant does not apply to them. However, this declaratory judgment action is in the nature of an action for reformation of a legal instrument on the grounds of mistake, the plaintiffs contending that Lot 12 was mistakenly included in the recorded plat. Thus the action seeks equitable relief to reform the instrument recorded in 1962. Only a court of equity can reform an instrument. Holloway v. National Mutual Insurance Co., 376 So.2d 690, 693 (Ala.1979).
Plaintiffs claim that the doctrine of laches could not become operative until 1977 when the Lewises manifested their intent to construct the additional apartment buildings because until that time no justiciable controversy existed. We again note that while plaintiffs’ action is designated as an action for declaratory judgment, it seeks equitable relief. Where relief is sought on the grounds of mistake the law is substantially the same as that applicable in cases of fraud. The cause of action accrues at the time the mistake is discovered or at the time when, by reasonable diligence on the part of the party asserting the mistake as a ground for relief, it should have been discovered. 54 C.J.S. Limitations of Actions § 198.
From the facts of this case it appears that Tanglewood (predecessor in title to the Lewises) was entitled to bring an action in 1962 when Lot 12 was erroneously included in the recorded subdivision plat. As president of Tanglewood Homes, Inc., James C. Lewis signed all deeds made by the corporation. By the exercise of reasonable diligence he could have reviewed the contents of those deeds and of the subdivi *162 sion plat and discovered that Lot 12 had been erroneously included in the subdivision plat, thereby gaining knowledge of the alleged mistake at the time of execution of the deeds or within a reasonable time thereafter. Therefore, the cause of action accrued in 1962 or within a reasonable time thereafter. Obviously, the trial court was of the opinion that this was the case and the issue of whether the doctrine of laches will bar a particular suit is a question for the court to decide based upon the particular circumstances of each case. Bromberg v. First National Bank of Mobile, 235 Ala. 226, 178 So. 48 (1938); Hamilton v. Watson, 215 Ala. 550, 112 So. 115 (1927).
In determining whether the doctrine of laches will bar a suit to reform a legal instrument a court may consider many factors, including the following:
“ * * * The time at which the party seeking reformation discovered the error in the instrument or at which he should have learned of it; the existence or nonexistence and character of changes in circumstances since the execution, particularly of such kind as to be prejudicial to an adverse party who has acted or refrained from acting on the faith of the instrument as executed, and especially if such changed conditions [could] have been induced by the inaction of those seeking to have the instrument corrected, and changes in the value of the property if the error alleged is in a deed; the loss or impairment of evidence, as by the death of witnesses or the loss of papers; the fact that the party resisting reformation has had notice of the claim asserted by the party seeking it; the extent to which the rights of innocent third persons have intervened, by reason of the delay, which would be adversely affected by reforming the instrument, and the fact that the party seeking reformation has acquiesced in the possession or conduct of the party against whom reformation is sought consistent with the terms which it is sought to have the instrument reformed to include or exclude and inconsistent with the terms of the existing writing.” (Emphasis added.) 76 C.J.S. Reformation of Instruments § 69, at 419, 420.
James Lewis was aware of the contents of the instrument (the subdivision plat) or by reasonable diligence he should have been so aware. He signed it in behalf of the corporation which developed the land. It was executed in 1962 and in the interim numerous people purchased land relying on the restrictive covenant to protect the character of the neighborhood by permitting only single-family dwellings. The rights of these third persons would be adversely affected by reforming that instrument. Moreover, the Lewises have acquiesced in the possession of the other landowners, consistent with the terms of the restrictive covenant, for fifteen years. Fifteen years later plaintiffs seek to have the instrument reformed; the result of which would drastically change the terms of the existing writing. It is logical to deduce that the only reason given for the delay in bringing this action is that until 1979 there was never an intention to build additional apartment buildings, and, therefore, there was no reason to search the legal documents until then. The trial court held the action barred by the doctrine of laches. We cannot say this holding is erroneous. The judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and SHORES, JJ., concur.