MOORE, Judge.
S.B. (“the mother”) appeals from separate judgments of the Lauderdale Juvenile Court (“the juvenile court”) approving a permanency plan of adoption for A.M.D. and A.J.D. (hereinafter sometimes referred to collectively as “the children”).

Procedural History

On June 28, 2010 the Lauderdale County Department of Human Resources (“DHR”) filed petitions alleging that the children were dependent and requesting a pick-up order. Pick-up orders were entered that same day. On October 4, 2010, the juvenile court entered orders finding the children dependent and awarding custody of the children to DHR. The juvenile court found that the mother had placed the children in harm’s way by becoming involved in a physical altercation during which she had allegedly stabbed someone, that the mother had been arrested as a result of that incident, and that the mother had admitted that she had been drinking alcohol when the incident occurred and that the children had been with her. On December 20, 2010, June 17, 2011, December 16, 2011, and June 26, 2012, the juvenile court entered orders approving the plan for the children as “return to parent.” At some point thereafter, the children’s guardian ad litem filed a petition to terminate the parental rights of the mother. On December 14, 2012, the juvenile court entered a separate judgment relating to each child providing, in pertinent part: “[T]he [cjourt finds that reasonable efforts toward reunification have been made, and [that] the most appropriate plan is [adoption by [c]urrent [fjoster [p]arent[s].”
*718 On February 21, 2013, the children’s guardian ad litem filed a motion seeking to prevent DHR from placing the children with their current foster parents due to concerns regarding their alleged favoritism toward the younger child, A.J.D., and possible illegal drug use. DHR filed an objection to the guardian ad litem’s motion. On March 1, 2018, the mother filed a motion requesting a permanency hearing in order for the juvenile court to reconsider whether the permanency plan should remain adoption by the current foster parents and to require DHR to present evidence of the reasonable efforts it had made to reunite the mother with the children since the guardian ad litem had filed his petition to terminate the mother’s parental rights. On April 19, 2013, the juvenile court conducted a hearing during which the guardian ad litem stated that he was satisfied that any problems with the current foster parents had been rectified and withdrew his objection to their being awarded custody. At that hearing, the juvenile court received testimony relating to the mother’s March 1, 2013, motion. On April 23, 2013, the juvenile court entered judgments regarding the children in which it found that DHR had made reasonable efforts to reunite the children with their family, that it was not possible or appropriate to return the children to the mother’s home, that adoption was an appropriate permanency plan, and that DHR had made reasonable efforts to finalize the permanency plan of adoption. The mother appealed the judgments on May 6, 2013.

Discussion

On appeal, the mother first argues that the juvenile court erred in its April 23, 2013, judgments by not changing the permanency plan back to “return to parent.” DHR counters that the mother has filed an untimely appeal, pointing out that “[a] parent aggrieved by the decision to change the permanency plan from family reunification to adoption by an unidentified resource with a termination of parental rights can appeal that judgment to this court,” T.L.S. v. Lauderdale Cnty. Dep’t of Human Res., 119 So.3d 431, 437 (Ala.Civ.App.2013), and that an appeal from such a judgment must be filed within 14 days of the entry of the judgment determining the permanency plan of adoption, see Rule 28(C), Ala. R. Juv. P. DHR maintains that, because the mother did not file her notice of appeal until May 6, 2013, she cannot now complain about the juvenile court’s determination that adoption by the current foster parents best served the permanency interests of the children. Although we agree with those general propositions of law, we find them inapplicable to the present case.
The mother is not arguing that the juvenile court erred in changing the plan from parental reunification to adoption by the current foster parents, which occurred as a result of the December 14, 2012, judgments. Rather, she is arguing that the juvenile court erred in failing to modify the permanency plan a second time, back to reunification with her. Section 12-15-315(a), Ala.Code 1975, a part of the Alabama Juvenile Justice Act of 2008 (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, requires juvenile courts to hold permanency hearings at least annually in cases in which a child is removed from the home and placed in out-of-home care. At those hearings, the juvenile court must determine the most appropriate permanent custodial arrangement that serves the best interests of the child, which may include returning the child to the parental home, § 12-15-315(a)(1), Ala.Code 1975, adoption by the current foster parents, § 12-15-315(a)(2), Ala.Code 1975, or other arrangements, § 12-15-315(a)(2) through (6), Ala.Code 1975. A juvenile court that has adopted a permanency plan may, after *719 a later permanency hearing, modify that plan to change the custodial goal for the child. See A.D.B.H. v. Houston Cnty. Dep’t of Human Res., 1 So.3d 53, 70 (Ala.Civ.App.2008) (Moore, J., concurring in part and concurring in the result). The mother complains that the juvenile court erred in failing to modify the permanency plan from adoption when it entered its April 23, 2013, judgments. Hence, her notices of appeal, filed within 14 days of the entry of those judgments, are not untimely.
Neither § 12-15-315, nor any other part of the AJJA, establishes the standards by which a juvenile court must consider the modification of a permanency plan. Given that this court has held that a judgment changing a permanency plan from family reunification to adoption is sufficiently final to support an appeal, T.L.S., supra, it follows that the doctrine of res judicata would apply to make that judgment conclusive between the parties. See generally Tillman v. Walters, 214 Ala. 71, 108 So. 62 (1925) (order pertaining to child’s custody is conclusive so long as facts upon which it is predicated remain unchanged). However, long-standing Alabama law holds that “[n]o proceeding concerning the custody of a minor can become, under our rule, a matter of res judicata,” Murphree v. Hanson, 197 Ala. 246, 253-54, 72 So. 437, 440 (1916), and that judgments affecting the custody of children “are not res judicata as to facts and conditions subsequently arising, and do not preclude the courts of the state in which they are rendered from further inquiry into the subject as between the same parties.” Calkins v. Calkins, 217 Ala. 378, 380, 115 So. 866, 868 (1928). A child-custody judgment can always be modified when material facts unknown at the time of the prior custody judgment impact the welfare of the child. Cochran v. Cochran, 5 So.3d 1220, 1226 (Ala.2008). Those general principles of law, when applied in the present context, would allow for the modification of the previously determined permanency plan due to a material change of circumstances affecting the welfare of the children. A.D.B.H., 1 So.3d at 70 (Moore, J., concurring in part and concurring in the result).
In her brief to this court, the mother points out her many salutary achievements since the children were removed from her home. Many of those achievements occurred before the entry of the December 14, 2012, judgments, and the juvenile court presumably considered those achievements when it entered those judgments.[1] Even assuming that the mother had made some steps toward rehabilitation since December 14, 2012, the juvenile court was not required to modify its prior judgments, even if circumstances had changed, unless the evidence was so clear and convincing that to fail to do so would clearly exceed the juvenile court’s discretion. See generally Jenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App.1981) (discussing a petition to modify physical custody of a child). The mother ignores the countervailing evidence before the juvenile court that she had not benefitted from the programs she had attended, that she had failed to consistently visit the children despite her proximity to them, and that she had not regularly provided for the children’s material support despite her employment. In consideration of that evidence, along with the other evidence tending to refute any contention that the foster parents had become unfit to adopt the *720 children, the juvenile court could have reasonably concluded that adoption by the current foster parents continued to be the most appropriate permanent custodial arrangement for the children and that reuniting the children with the mother would not serve the children’s best interests.[2]
The mother next argues that DHR failed to make reasonable efforts to reunite her with the children during the period when the permanency plan was still “return to parent.” This court has recognized that the reasonableness of DHR’s efforts toward rehabilitation of a parent and reunification of the family are issues intended to be decided in a permanency hearing. D.P. v. Limestone Cnty. Dep’t of Human Res., 28 So.3d 759, 763 (Ala.Civ.App.2009). The juvenile court expressly decided in its December 14, 2012, permanency judgments that reasonable efforts had been made to reunite the mother with the children before that date. Those judgments effectively determined that DHR had made sufficient reasonable efforts during the time when the permanency plan called for family reunification. “On appeal from one judgment, an appellate court cannot consider arguments relating to errors committed in a previously entered final judgment from which no appeal was taken.” N.T. v. P.G., 54 So.3d 918, 921 (Ala.Civ.App.2010). Thus, this court cannot consider in these appeals whether the juvenile court erred in finding that DHR had used reasonable efforts to reunite the mother with her children before December 14, 2012.
The juvenile court’s April 23, 2013, judgments are due to be affirmed.
2120667 — AFFIRMED.
2120668 — AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The record on appeal does not contain a transcript of any of the previous permanency hearings, but it does contain reports to the juvenile court outlining the mother’s efforts at rehabilitation.

. We make no comment on whether the evidence would be sufficient to terminate the mother's parental rights because that issue is not before us.