# Collier *v*. Alexander.

*Statutory Bill in Equity to compel Determination of Claims to Real Estate.*

1. *Statutory bill to determine claims to real estate and to quiet title; nature of relief granted.*—Where a bill is filed under the statute to determine claims to real estate and to quiet title thereto, (Code, §§ 809, *et seq.*), if the facts justify such a finding, it is not error for the court to render a decree adjudging that the respondent had a title to the land superior to the claim of the complainant; and such relief is proper, although there was no cross-bill filed by the defendant.

APPEAL from the City Court of Gadsden, in Equity. Heard before the Hon. JOHN H. DISQUE.

The bill in this case was filed by the appellant, Mrs. E. F. Shahan, against the appellee, Mrs. N. M. F. Alexander, to compel the determination of claims to certain lands specifically described in the bill of complaint, and to quiet the title to the same. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

From a decree adjudging that the respondent had a title to the lands superior to the claim of the complainant and ordering the bill dismissed, the complainant prosecutes the present appeal, and assigns the rendition thereof as error.

J. W. JOHNSTON and CALDWELL & JOHNSTON, for appellant.

BURNETT, HOOD & MURPHREE, *contra*.

DOWDELL, J.—The bill in this case is filed under article 13 of chapter 16 of the Code, authorizing the bills in chancery to compel the determination of claims to land and to quiet titles. The respondent answered

[Collier v. Alexander.]

the bill claiming title to the land, and setting forth the nature and character of her claim or title. This was in conformity with one requirement of section 811 of said article and chapter, which directs what the answer shall contain. Testimony was taken, and the cause was submitted for final decree on the pleadings and proof, and a decree was rendered dismissing complainant's bill on the facts, and adjudging that the respondent had the superior title to the land.

This decree is here assigned as error. The only insistence in argument is, that the decree is erroneous in granting the respondent affirmative relief without a cross-bill, and in adjudging superiority of her claim or title to the land. We fail to see any force or merit in the contention. No affirmative relief was decreed. The decree determined the claim to the land, and quieted the title, in adjudging which party had the superior claim or title. This is in accordance with the requirements of the statute as to what the decree shall contain. And this was the purpose of the bill. No question is raised in argument as to the correctness of the chancellor's finding on the evidence.

The decree, however, in ordering a dismissal of the complainant's bill, was irregular, and in this respect will be corrected. It is upon the bill and the answer that the decree fixing the status of the title to the property is based. The decree as corrected will be affirmed.

Since writing the foregoing opinion, counsel for appellant have filed an additional brief and argument insisting that the chancellor erred in his conclusion as to the facts. We have carefully examined the evidence in the cause, and after such examination and due consideration of the evidence, we concur in the conclusion of the chancellor.

Affirmed.