# Crabtree *v.* Alabama Land Co.

## *Bill to Quiet Title.*

(Decided April 16, 1908. 46 South. 450.)

1. *Quieting Title; Character of Title; Disputed or Scrambling Possession.*—The character of possession that will defeat an action to quiet title is not necessarily such adverse possession as would ripen into a title if sufficiently maintained as to time and character, but is such possession as amounts to a disputed or scrambling possession, as contradistinguished from peacable and quiet possesion.

2. *Same; Evidence to Establish.*—Where the defendant claimed by adverse possession and the evidence tended to show that he was in actual possession of the land under a deed, and that for a number of years he had cultivated part of the land personally and by tenant, and that after the house thereon and the fence enclosing the land had been destroyed he continued his acts of ownership such as taking timber, etc., from the land, paying taxes thereon, and otherwise claiming the land, and that shortly before the filing of the bill he notified the agent of complainant that the land was his, such evidence was sufficient to show an actual and disputed possession sufficient to defeat the bill although complainant had the legal title to the land and constructive possession through such title.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the Alabama State Land Company against G. W. Crabtree to quiet title to land. From a judgment for complainant, defendant appeals. Reversed and bill dismissed.

HOWARD & HUNT, for appellant. The possession of respondent was under color of title and claim of ownership and this being once shown will be presumed to continue unless the contrary appears.—*Downs v. Bailey,* 135 Ala. 331; *Clements v. Hayes,* 76 Ala. 280. Adverse possession once established can be broken only in one of three ways; by acts of the real owner; by intrusion of a stranger or by abandonment of the premises.— *Norment v. Eureka Co.,* 98 Ala. 189; *Hughes v. Ander-*

33 C

*son,* 79 Ala. 215. It is only necessary to show such character of adverse possession as will amount to a disputed possession.—*Randall v. Daughdrill,* 142 Ala. 490; *Lyon v. Arndt,* 142 Ala. 486; *Ladd v. Powell,* 144 Ala. 408.

SMITH & SMITH, for appellee. Title was in the complainant.—*Warrior C. & L. Co. v. Ala. St. L. Co.* in MS. If the evidence fails to show actual adverse possession, the bill will be sustained on the constructive possession following the title.—*Kyle v. Ala. St. L. Co.* 41 South. 174. The appellant could not acquire such possession.—*Swann & Billups v. Lindsey,* 70 Ala. 507; *Swann & Billups v. Gaston,* 87 Ala. 569; *Gallowey v. Doe ex dem.* 136 Ala. 316; 133 U. S. 496; 116 U. S. 198. Appellant's color of title could not displace the constructive possession accompanying the true title.—*Henry v. Brown,* 39 South. 327; *Kyle v. Ala. St. L. Co. supra.* Appellant's continuous claim not having been accompanied with continuous possession raises no presumption.—*Ross v. Goodwyn,* 88 Ala. 396; *Hoyle v. Mann,* 41 South. 837.

DOWDELL, J.—The bill in this case is filed under section 809 et seq. of the Code of 1896 to quiet title to land. The answer of the respondent denies the allegations of the bill. The cause was heard on the pleadings and proof, and the final decree rendered in favor of the complainant.

The evidence of the complainant showed the legal title to the land to be in the complainant, the only possession being such as the legal title drew to it—a constructive possession under the law. The claim of the respondent was that of actual possession under color of title. In support of this claim the evidence of the respondent showed that the respondent went into the

[Crabtree v. Alabama Land Co.]

actual possession of the land in controversy under a purchase, with a deed from the vendor to the respondent describing the particular land, in 1861. The respondent's evidence further showed that at that time and for a number of years he had a part of the land in cultivation, which he either cultivated himself or rented to tenants; that after the cabin on the land and the fence that inclosed the cultivated portion were destroyed he continued to exercise various acts of ownership, such as getting rail and board timber and firewood off of the land, and warning trespassers away, and paying taxes on the land, all the while claiming the land as his own; that a short while before the filing of the bill he told the complainant's agent that the land was his.

It is not necessary to show such character of adverse possession as would ripen into a title, but such possession as would amount to a disputed possession. On the evidence, if the cases of *Randle v. Daughdrill,* 142 Ala. 490, 39 South. 162, *Lyon v. Arndt,* 142 Ala. 486, 38 South. 242, and *Ladd v. Powell,* 144 Ala. 408, 39 South. 46, are to be adhered to, the complainant's bill cannot be maintained. This evidence was practically without dispute, and we think clearly showed an actual possession, and, under the cases cited above, what is termed a "disputed possession." It follows that the decree of the chancellor must be reversed, and one will be here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.