# Vandegrift *et al. v.* Southern Mineral Land Co.

### *Bill to Quiet Title.*

(Decided Nov. 25, 1909. Rehearing denied Feb. 26, 1910.
51 South. 983.)

1. *Quieting Title; Requisites; Peaceable Possession.*—In an action to quiet title under the statute, the complainant must have the quiet and peaceable possession, actual or constructive, as distinguished from a scrambling or disputed possession.

2. *Adverse Possession; Sufficiency.*—One in open, adverse and continuous possession of the land by himself and those holding under him for more than ten years under color of title, acquires title by adverse possession to both the surface and the sub-soil.

3. *Property; Possession; Presumption.*—One having possession of the surface of land is also presumed to have possesion of the sub-soil, and such presumption is strengthened where possession is taken under an instrument purporting to convey the entire estate.

4. *Mines and Minerals; Conveyance; Severance.*—A subsequent remote grantee of the company was not authorized to rely upon a title in a deed from another to the company, that it had conveyed the surface rights in certain land to him as working a severance of the surface ownership where the company ignored the idea of a severance by conveying the entire estate.

5. *Same.*—A recital in a deed that grantee had conveyed the surface rights of certain other lands to grantor could not be invoked against a remote vendee of the land to establish of itself a severance of the surface, even if evidence of such facts, as such grantor might then have owned the mineral rights so that they were merged on conveyance of the surface to him.

APPEAL from Shelby Chancery Court.
Heard before Hon. W. W. WHITESIDE.

[Vandegrift, et al. v. Southern Mineral Land Co.]

Bill by the Southern Mineral Land Company against Annie E. Vandegrift and others, to quiet title to certain lands. Decree for complainant and respondents appeal. Affirmed in part and in part reversed and remanded.

SMITH & SMITH, for appellants. In statutory bills to quiet title the court acts only upon peaceable, actual possession or constructive possession by virtue of legal title.—*Fowler v. Ala. I. & F. Co.*, 45 South. 635; *Meritt v. Ala. Pyrites Co.*, 145 Ala. 252. A deed or mortgage under which possession of land is claimed is the exclusive evidence of the extent of the occupancy claimed, and also shows the boundary of the land occupied or claimed.—*L. & N. v. Massey*, 136 Ala. 159; *Woodstock I. Co. v. Roberts*, 87 Ala. 436. There was no severance. —29 A. & E. Ency. of Law, 703; *Matthews v. T. C. I. & R. R. Co.*, 49 South. 78; *Beasly v. Howell* 117 Ala. 499; Parol evidence of the deed from Lolly to Wallace and from Wallace to Thrasher should have been excluded. —*Foster v. The State*, 88 Ala. 187. The possession of Lolly, Wallace or Thrasher even if it had been for ten years would not show a severance of the surface interest in the whole tract, as no color of title was shown in them, and the evidence not showing actual occupancy of any particular part of the land.—*McDaniel v. S. I. Co.*, 152 Ala. 415; *Woodstock I. Co. v. Robert, supra*. The recitals in conveyance by Lolly to Shelby Coal Company, even if evidence of the fact did not show a severance.—*Hix v. Swift Creek M. Co.*, 133 Ala. 411. It was the duty of the appellee to protect the land from adverse possession and claim not only of the minerals but of the entire interest.—*Roman v. Telephone Co.*, 147 Ala. 389. Its failure to do so will bar not only the legal title to the entire interest held by it, but the equitable right to surface dependent thereon.—

*Moulton v. Henderson,* 62 Ala. 426. Appellee's posses-
sion became adverse to the entire interest under the
facts in this case.—*Walker v. Crawford,* 70 Ala. 567;
*State v. Conner,* 69 Ala. 212; *Woodstock I. Co. v. Rob-
erts, supra.*

W. F. THETFORD, JR., for appellee. A statutory bill
may be maintained to quiet the title to minerals.—
*Gulf C. & C. Co. v. Ala. C. & C. Co.,* 145 Ala. 228. Mere
possession of surface after a severance is not posses-
sion of the minerals.—20 A. & E. Ency. of Law, 773.
Appellants are in privity with Lolly, and the appellee
is in privity with Shelby Coal Co. and the recitals in the
deed from Lolly to Shelby Coal Company, is just as
effective as a properly executed deed from the coal
company to Lolly.—24 A. & E. Ency. of Law, 57-8;
*Pratt v. Nixon,* 91 Ala. 192; 3 B. & E. 238; 9 Page,
649; 18 Barb. 14; 6 Pet. 598. The transaction was not
within the statute of frauds and Thrasher acquired a
good title.—*McClure v. Tennille,* 89 Ala. 572; *L. & N.
v. Philyaw,* 94 Ala. 463. A party who enters land be-
longing to another under a license does not hold ad-
versely to the true owner until he brings that fact home
to him.—*Jones v. Pelham,* 84 Ala. 208; *McCoy v. Ma-
lone,* 47 South. 725. The mere fact that the mortgage
was recorded was not notice to the company.—*Wood v.
Montevallo C. & C. Co.,* 84 Ala. 560; *Fenno v. Sayre,*
3 Alt. 458. The burden of proving adverse possession
rests on him who asserts it.—*Newton v. L. & N.,* 110
Ala. 478. Lolly did not become a licensee but became
a holder of an interest in the land.—*Riddle v. Brown,*
20 Ala. 412; *Caldwell v. Fulton,* 31 Pa. St. 475. The
agricultural right was severed from the remaining in-
terest in the land, and the acts of ownership on part
of appellant covered nothing more than the agricultu-
ral rights.—20 A. & E. Ency. of Law, 733; 1 Cyc. 994;
37 Pa. St. 427; 53 Pa. St. 284; 160 Pa. St. 483.

ANDERSON, J.—It is well settled by the decisions of this court that under the statute authorizing a bill in equity to quiet the title to land the complainant must have the quiet and peaceable possession, actual or constructive, as distinguished from a scrambling or disputed possession.—*Randle v. Daughdrill*, 142 Ala. 490, 39 South. 162. The complainant did not show an actual possession of the land in question, but relies upon constructive possession, which the law attaches to the legal title, in the absence of an actual possession by any one else.

The evidence shows that these respondents were in the actual possession of the land when the bill was filed, holding under their ancestor, C. C. Vandegrift, and who acquired it under a mortgage from one "Thrasher," and which said mortgage purports to convey the entire estate and not the mere surface. The presumption is that one who has possession of the surface of the land has possesion of the subsoil also.—1 Cyc. 994. And this presumption is fortified when he goes into possession under an instrument which attempts to convey the entire estate. It was therefore incumbent upon the complainant to show that the possession of the respondents was confined to the surface, and did not extend to the minerals, and, to do this, it has attempted to show a previous severance of the mineral from the surface, or vice versa. The deed from Lolly to the Shelby Company conveying other land, and reciting that the company had conveyed the surface right in this land to him, did not operate as a severance per se, and while it may have been an evidential fact, binding upon those holding under him, but which we need not decide, it was not conclusive, as he may have already claimed the mineral, and this may have merged the two. On the other hand, this complainant is in no position to claim that there was a severance

growing out of the transaction between Lolly and the Shelby Company, as we find the Shelby Company ignoring all idea of a severance, by conveying the entire estate to De Bardelaben in 1882, years after the Lolly transaction, and, in fact, after Thrasher had mortgaged it to Vandegrift. Indeed, none of the conveyances connecting the Shelby Company with this complainant in any way severs the mineral from the surface, but each of them purports to convey the entire estate. It would be inconsistent to invoke an estoppel against these respondents by a recital in a deed from Lolly to the Shelby Company and at the same time permit the complainants to repudiate and ignore the fact that every conveyance under which it holds from the Shelby Company down conveys the entire estate, and ignores every idea of a severance. It is true there was some proof that Thrasher and Wallace claimed only the agricultural interest in the land. Whether this would amount to a severance or not we do not decide, but, if it did, it is a disputed fact, not only by some of the witnesses, but by the mortgage from Thrasher to Vandegrift, and by the deeds under which the complainants claim the land.

The complainant cannot maintain this bill as to the land in question, for the reason that it was not in possession of the surface or the mineral when the bill was filed. Moreover, the proof shows that the respondents have been in the open, adverse, and continuous possession of the land by themselves and C. C. Vandegrift over 10 years under color of title, and have as against this complainant an absolute title to the land—surface and mineral.

The decree of the chancery court is affirmed as to all the land, save in holding that respondents had only an agricultural interest in the land described in the decree, and is reversed in so far as it adjudges the com-

plainant as owner of the minerals or any right thereto whatsoever. A decree is here rendered adjudging the respondents the absolute owners, as against this complainant, of all the lands in which they were decreed to have a mere surface interest. The complainant will pay the cost of the court below as well as the cost of this appeal.

Affirmed in part, and reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.

