# Kinney *v.* Steiner Brothers.

*Bill to Quiet Title.*

(Decided May 12, 1910. 52 South. 593.)

1. *Quieting Title; Requisites.*—To maintain a bill under the statute to quiet title it is essential to aver and prove that at the time of the filing of the bill complainant's possession was peaceable as contra-distinguished from disputed, contested or scrambling possession and that the possession was under claim of ownership.

2. *Same; Possession; Evidence.*—The evidence in this case examined and held to show that the respondent had possession at the time the bill was filed, and that complainant's acts were mere devices to get possession in order to file the bill.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. BENNERS.

Bill by Steiner Brothers against F. H. Kinney to quiet title to certain lands. There was a decree for complainants and respondents appeal. Reversed and rendered.

STALLINGS & DRENNEN, for appellant. The possession must be peaceable as distinguished from disputed or contested at the time of the filing of the bill, and under claim of ownership before a bill to quiet title can be maintained.—*Lyon v. Arndt*, 142 Ala.. 486; *Rambo r. Daughdrill*, 142 Ala. 490; *Ladd v. Powell*, 144 Ala. 408; *Adler v. Sullivan*, 115 Ala. 582. Under these authorities, it is contended that the acts of the complainant were but mere devices to obtain possession and were not peaceable.

A. LATADY, for appellee. Counsel discuss the authority cited by appellant, and insist that the pleadings and proof made a proper case for the complainant, and that the decree of the court should be affirmed. He cites *Wood L. Co. v. Williams*, 7 So. 202; *Adler v. Prestwood*, 122 Ala. 367.

ANDERSON, J.—To maintain a bill under the statute for the determination of claims to real estate and to quiet title thereto, it is necessary for the complainants to aver and prove that at the time of the institution of the suit the complainants' possession of the land involved was peaceable, as contradistinguished from disputed or contested, possession, and that it was under claim of ownership.—*Lyon v. Arndt*, 142 Ala. 486, 38 South. 242; *Randle v. Daughdrill*. 142 Ala. 490, 39 South. 162. We think the complainants' possession was, at best, a mere scrambling one, attempted for the

purpose of making the respondent the actor in the courts. It was undisputed that the land is wild or timber land, that respondent had it inclosed with a barb-wire fence, and to all intents and purposes was in possession; and complainants' counsel admitted as a witness that he advised the planting of oats on the land for the purpose of compelling the proprietor of the fence to resort to an action of ejectment. The effort made to suddenly transform this forest, or densely timbered piece of land, into a nourishing oat field in so short a time, did not, we think, materialize to the extent of terminating the respondent's possession. The oats may have been sown, but there was no proof that they came up or were harvested. Indeed, the weight of evidence is that the planting was a mere sham for the purpose of dispossessing the respondent, and that what was done gave no signs that the land was being cultivated by any one or that respondent had been dispossessed. The witnesses all testify that the land showed no signs of cultivation. Orr testified that he saw no oats on the land; that they might sprout, but would not grow, on the land in its condition. He did admit on cross-examination that, if he saw oats growing on the land, he would think some one planted them there. "I would think that he was a mighty big fool, if he thought he would make a crop." We think that the proof shows that the respondent, and not the complainants, had the possession of the land when the bill was filed, and that the acts of complainants were but a scramble to get in possession in order to file said bill.

The chancellor erred in granting complainants' relief and the decree of the chancery court is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.