(128 So. 592)

## HAGLER v. BONER.

### 6 Div. 552.

Supreme Court of Alabama.

May 29, 1930.

C. C. Nesmith, of Birmingham, for appellant.

H. M. Abercrombie, of Birmingham, for appellee.

SAYRE, J.

Appellee's bill is filed under the statute, section 9905 of the Code, to quiet her title to a small parcel of land described therein. It was incumbent, of course, upon appellee to show her "peaceable possession" of the property at the time of filing her bill. The purpose of the statute is to give a remedy to persons in peaceable possession only. Fleming v. Moore, 122 Ala. 399, 26 So. 174. Appellant set up title in himself and denied that appellee's possession was peaceable. The decree under review settled the title, as between the parties to the bill in favor of appellee, and, by necessary implication, deter-

mined that she was in peaceable possession; but, as to that, there was no specific adjudication. The question now at issue between the parties involves the matter of peaceable possession only. As to that the burden of proof rested upon appellee.

It is entirely clear that the controversy between the parties arose out of a race of diligence between the immediate predecessors in title of the parties to acquire title to the land which had been bid in by the state at a sale for unpaid taxes assessed to one Herron. Appellee's grantor had a tax deed from the state. Appellant claimed title under a deed from one Stockdale, who had found the land, unimproved and unoccupied, and had taken possession, and another deed from one Holland, who, it was supposed, might be the heir at law of another Holland to whom the land had at one time been assessed, but who, in some way, *had been killed*. Both parties had paid taxes assessed against the property, but that was a matter of no consequence as going to show peaceable possession.

It may be conceded that as between appellant Hagler and one Teer, who was appellee's grantor, the possession was "scrambling" so that neither of them would have been in position to file a bill under the statute. But appellee took her deed from Teer in 1927, and at that time the property was inclosed by a wire fence, in a state of dilapidation—if that term may be used with reference to a wire fence—it is true, but still a fence. Appellee had planted a small turnip patch upon the land. Her possession is not shown to have been acquired otherwise than peaceably, nor to have been "scrambled" by any subsequent possessory acts of interference. The "scrambling" shown in evidence anteceded her acquisition of title, and, for that matter, it is not made to appear that she was informed of the facts by which the precedent dispute had in its time been made evident.

Our cases on the subject here involved are cited in the annotation of section 9905, Michie's Code. There is no need to repeat.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.