140 So. 537

**CHESTANG v. BOWER et al.**

**1 Div. 650.**

Supreme Court of Alabama.
Jan. 21, 1932.

Rehearing Denied March 31, 1932.

470

Gordon, Edington & Leigh and Jere Austill, all of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellees.

BROWN, J.

This appeal is from a decree quieting the title to the southwest quarter of section 33, township 1 north, range 1 east, Mobile county, in the appellees, Edith Bower, Charles Anderson, and Charles M. Kirk, against the claim of the defendant, appellant here, Clemont S. Chestang.

The bill is filed under the statute, Code 1923, § 9905, to which the defendant filed an answer which he made a cross-bill, denying complainants' ownership and title, asserting title in himself to 105 acres of the tract lying east of the Mobile river, and north and west of Bayou Matchy, specifying the conveyances under and through which he claimed title, among others, a deed from John K. Dillard executed on July 1, 1913, and another executed on August 6, 1914, and alleging that the complainants had acquired possession by trespasses which were continuing, and, in addition to praying that his title be established and quieted, he prayed that the complainants be restrained and enjoined from trespassing on the property which he owns.

The complainants answered the cross-bill, incorporating in their answer three grounds of demurrer, which appear in the reporter's statement of the case. The answer denied the averments of the cross-bill, and alleged that John K. Dillard, under whom the defendant claimed title, before the execution of the deed to defendant, had parted with his title by deed executed to the complainants on June 2, 1910.

The court sustained the demurrers to the cross-bill, and the case was thereupon submitted on the pleadings and proof, resulting in the decree from which the appeal is prosecuted.

The first assignment of error questions the soundness of the ruling of the court on the demurrer to the cross-bill.

It is settled that, in proceedings under the statute to quiet title, if the averments of the bill and the answer conform to the requirements of the statute, the issues thus formed are broad enough to authorize the court to settle and quiet the title in one or the other of the parties, or, if it is shown that complainant owns part of the land and the defendant part, the decree may so declare, and settle the title accordingly, and to this end a cross-bill is not necessary. Grayson v. Muckleroy, 220. Ala. 182, 124 So. 217; Friedman & Loveman v. Shamblin et al., 117 Ala. 458, 23 So. 821.

It is only where the respondent seeks affirmative relief outside the scope and purpose of the statutory proceedings that a cross-bill is necessary or proper. Grayson v. Muckleroy, supra; Cheney, Trustee v. Nathan, 110 Ala. 260, 20 So. 99, 55 Am. St. Rep. 26.

The averments and prayer of the cross-bill in this case, in so far as they seek to enjoin the complainants—defendants to the cross-bill—and their agents from trespassing, bring it within the last-stated principle.

The ruling on the demurrer to the cross-bill, however, if error, would be without injury, if the defendant has failed to establish title to the property.

The parties claim title to the property from a common source, to wit, Mary V. Dillard, and the soundness of the decree settling the title in the complainants depends largely upon the construction and legal effect of the deed executed by said Mary V. Dillard to John K. Dillard on the 21st of September, 1903, and duly filed for record in the office of the judge of probate of Mobile county on the 21st day of January, 1904, and the deed executed by John K. Dillard and others on the 2d day of June, 1910, to Helen W. Bower, and duly recorded on June 4, 1910.

The deed first above mentioned, for a stated valuable consideration, conveyed to said John K. Dillard lands described as follows: "One hundred and five acres of land being and lying in the County of Mobile in the State of Alabama, and particularly described as follows: Bounded West by Mobile River, and being North of Bayou Matchy and in the Southwest quarter of Section 33, in Township one North, Range one West (East), said land

is bounded on the East and South by Bayou Matchy, and contains one hundred and five acres of land."

The evidence is without dispute that said John K. Dillard, soon after the execution of said deed, took possession of the land conforming to the above description, located in section 33, township 1 north, range 1 east, and exercised ownership over it until he sold the land to the defendant; and the evidence is further without dispute that the land was erroneously described as range 1 west in said deed and in the first conveyance made by Dillard to the defendant in 1913; that the land located in the southwest quarter of section 33, township 1 north, range 1 east, bounded on the west by the Mobile river, and on the south and east by Bayou Matchy, was pointed out to defendant by Dillard as the land he was selling to defendant, the parties going on the land at the time.

The question to be decided is whether or not the above-indicated error in the description is self-correcting when aided by facts of which the court may take judicial knowledge.

■ The government survey and plat of section 33, township 1 north, range 1 east, shows that the Mobile river touches the northwest quarter of section 33, township 1 north, range 1 east, and enters the southwest quarter of said section at its northwest corner, and passes through the western portion of said quarter section, leaving a small body of land in said quarter section west of the river, and the remainder east of the river. Bayou Matchy enters said quarter section near the river, leaving a small neck of land between the river and the bayou, leads north and then east into the southeast quarter of said section. The plat is here substantially reproduced:

■ The court also takes judicial knowledge of the fact that neither the Mobile river nor Bayou Matchy touches section 33, township 1 north, range 1 west; that this body of land is some 6 miles distant from said last-mentioned tract. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135; Chambers v. Ringstaff, 69 Ala. 140.

■ In the light of these surveys and plats, now in the archives of the state, there can be no question that the land covered by said deed is located in the southwest quarter of section 33, township 1 north, range 1 east, and that the error in the basis meridian —range *west* instead of east—is self-correcting. The result is, that it must be adjudged that the title to the 105-acre tract described in the deed passed out of Mary V. Dillard during her life, and was no part of her estate at the time of her death.

The deed executed by the heirs of Mary V. Dillard, in which her son John K. Dillard joined, under whom the defendant claims, recites: "That Whereas, the undersigned own all of the estate *left at her death*, by Mary V. Dillard, deceased, having inherited a portion of the same, and having acquired by purchase a part of the same; and

"Whereas, we desire to convey to Helen W. Bower, of Pittsburg, Pennsylvania, *all of the said estate.*

"Now, Therefore, In consideration of the premises, and in consideration of the sum of Seventy-Five Hundred Dollars ($7500.00) cash to us in hand paid, the receipt of which is hereby acknowledged, we, Mary P. Cadenhead and Charles Cadenhead, of Jackson, Alabama, Virginia M. Dillard, widow of William Dillard, and John K. Dillard, unmarried, Felix J. Radcliff and Mattie Radcliff, and Virginia Hovell and Aden Hovell, and Henry T. Davis, all of Mobile County, Alabama, do grant, bargain, sell and convey unto the said Helen W. Bower, her heirs and assigns forever, the following described property situated in Mobile County, Alabama, towit:

"*All of the property belonging to the estate of Mary V. Dillard, deceased,* the real property of said estate being located in Mobile County, Alabama, and being more particularly described as follows, towit:

"The Southwest division of fractional Section 33, Township 1 North, Range 1 East" (and other property specifically described).

"Also all other property belonging to the said Mary V. Dillard at the time of her death wheresoever the same may be situated and whether or not the same is above particularly described, *it being intended hereby to convey to the said Helen W. Bower, her heirs and assigns, all property owned by Mary V. Dillard at the time of her death* or in other words, all property which belonged to the estate of the

said Mary V. Dillard, deceased, wherever the said property may be situated, and particularly all of said property wheresoever located in Mobile County, Alabama." (Italics supplied.)

The language of this conveyance leaves little or nothing to construction. The manifest intention of the parties was to convey the property of which the said Mary V. Dillard died seized and possessed—the property belonging to her estate.

The general description clearly manifests the intention of the parties to limit the conveyance to property belonging to the estate of Mary V. Dillard, and the call as to the "southwest division of fractional section 33, Township 1 North, Range 1 East," as restricted by the general description, only covered the land in said quarter section which Mary V. Dillard owned at the time of her death. Pendrey v. Godwin et al., 188 Ala. 565, 66 So. 43; 8 R. C. L. 1085, § 142; Peasley v. Drisko, 102 Me. 17, 65 A. 24; 18 C. J. 285, § 254.

It would be a strained construction to hold, in the face of the language of the deed, that the grantors in said deed intended to convey land which Mary V. Dillard had conveyed to one of the grantors before her death, or that the grantee intended to purchase land so previously conveyed.

The judgment here is that the respondent, Clemont S. Chestang, has the legal title to the 105 acres of land in the southwest quarter of section 33, township 1 north, range 1 east, situated east of the Mobile river and north of Bayou Matchy in Mobile county, and was entitled to a decree settling and quieting his title thereto; that the complainants Charles Anderson and Charles M. Kirk each own a one-fourth undivided interest in the other lands situated in said southwest quarter, lying west of the Mobile river and south of Bayou Matchy, in said county. As to the other complainant, *Edith* Bower, we have discovered nothing in this record to show that she has title to any part of the land. It may be that she is the same person as Helen W. Bower, but the bill does not so allege.

We are further of opinion that the demurrers to the cross-bill, when the cross-bill is read in the light of facts of which the court takes judicial notice, were not well taken and should have been overruled. State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211.

The foregoing is deemed sufficient to indicate that the decree of the circuit court was erroneous, and must be reversed, and, for reasons above stated, will be remanded, for further proceedings consistent with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.