134 So.2d 159

**Clement S. CHESTANG**

v.

**TENSAW LAND & TIMBER COMPANY, Inc.**

**I Div. 808.**

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Oct. 26, 1961.

9

Caffey, Gallalee & Caffey, Mobile, for appellant.

Gaillard, Gaillard & Smith, Mobile, for appellee.

GOODWYN, Justice.

Appellant, Clement S. Chestang, filed in the circuit court of Mobile County, in equity, pursuant to Code 1940, Tit. 7, § 1109 et seq., a bill to quiet title to certain described lands located in said county. The bill alleges that complainant is "in peaceable possession" of the lands, that the respondent, Tensaw Land & Timber Company, Inc., "claims or is reputed to claim some right, title or interest in, or encumbrance upon, all or a portion" of said lands, and that "no suit is pending to enforce or test the validity of such title, claim or encumbrance." The bill also calls upon the respondent, pursuant to § 1110, Tit. 7, "to set forth and specify its title, claim, interest or encumbrance upon said land and how or by what instruments the same is derived and created."

Respondent's demurrer to the bill being overruled, it answered the bill, denying only that complainant was in peaceable possession of the lands and setting forth the basis of its interest therein as follows, to-wit:

"Respondent claims an interest in the real property acquired by Everette Boykin about forty (40) years ago from the Exchange Land Company for the Southeast Quarter and the Southeast Quarter of the Southwest Quarter of Section 26, Township 1 North, Range 1 West. This Respondent alleges that it had been continuously paying taxes on said land in its name or in its predecessors in title's name for more than ten (10) years next preceding the date that the bill was filed in this case and has express rights of possession thereof."

There was no cross-bill.

A good part of the evidence was taken orally before the trial court. Accordingly, its finding has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. King v. King, 269 Ala. 468, 114 So.2d 145; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8; Espey v. State ex rel. Nicol, 268 Ala. 109, 105 So.2d 93; Donohoo v. Smith, 207 Ala. 296, 92 So. 455.

The trial court held that complainant failed to prove his peaceable possession of the lands and denied him relief. However, the decree went further, holding that "respondent has established his ownership of, and right of possession in and to the lands as described in the bill of complaint," and "is the owner in fee simple thereof, and that complainant Clement S. Chestang does not have any right, title or interest therein nor the right to the possession of any part thereof."

Thus, the first question presented is whether the trial court erred in its holding

that complainant had not established his peaceable possession of the lands. If that holding is correct, which we have concluded to be the case, then the next question is whether the trial court, under the pleadings, could go further and decree the relief granted to respondent. Our view is that the court erred in this respect.

In McGowin v. Felts, 263 Ala. 504, 505–506, 83 So.2d 228, 229, it was said:

"In construing the foregoing act [§ 1109, Tit. 7, Code 1940], this court has repeatedly held that in order to maintain the statutory action the proof must show a peaceable possession in the complainant, as contradistinguished from a contested, disputed or scrambling possession. Price v. Robinson, 242 Ala. 626, 7 So.2d 568 (citing 5 earlier Alabama cases). See, also, Hinds v. Federal Land Bank of New Orleans, 237 Ala. 218, 186 So. 153; Kinney v. Steiner Bros., 167 Ala. 494, 52 So. 593; Holland v. Coleman, 162 Ala. 462, 50 So. 128; Lyon v. Arndt, 142 Ala. 486, 38 So. 242.

"It is also clear that to constitute a contested, disputed or scrambling possession, it is not necessary that the possession on the part of the respondent be of such character as would ripen into title. Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562; Price v. Robinson, 242 Ala. 626, 7 So.2d 568; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Holland v. Coleman, supra; Crabtree v. Alabama Land Co., 155 Ala. 513, 46 So. 450; Ladd v. Powell, 144 Ala. 408, 39 So. 46.

"As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Dawsey v. Walden, 243 Ala. 93, 8 So.2d 417; Price v. Robinson, supra; Buchmann

Abstract & Investment Co. v. Roberts, supra; Geo. E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202."

The opinion in the case of George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 76–78, 47 So. 202, 203, written by the elder Justice Simpson, contains an excellent discussion and statement of the meaning of the term "peaceable possession," as used in § 1109, Tit. 7. As there said:

" * * * The statute authorizes this proceeding by a party in possession, 'whether actual or constructive,' and it is true that, 'when one has a legal estate in fee in land, he has the constructive possession, unless there is an actual possession in some one else.' Southern Ry. Co. v. Hall, 145 Ala. 227, 41 South. 136.

"But the statute requires that such possession shall be 'peaceable.' So the question arises, what is peaceable possession? It cannot mean that it is peaceable unless there be some legal proceeding in progress to test the title or right to the possession; for the object of the statute is to allow the party who is in possession, and who cannot force the adversary claimant to institute any proceeding, to bring said party into court in order to determine whether he has any just claim to the property. The word 'peaceable,' then, refers to the character of his possession. So long as his possession is so clear that no one is denying the fact of his actual or constructive possession, it is peaceable, although some other person may be denying his right to possession. Consequently the cases above cited, and others, have held that the possession must be peaceable, as contradistinguished from a contested, disputed, or scrambling possession. In a case in which the complainants showed that they were the heirs of one S., who had the title to certain wild lands, and

consequently had the constructive possession, and the respondent showed testimony tending to prove that she had a tax deed for taxes delinquent by said S., that she had paid taxes, kept trespassers off, cut tan bark on the land, and posted notices warning people not to trespass, and objected to persons cutting crossties, on the land, this court said that these acts 'were sufficient to show that complaints [sic] did not have the peaceable possession of the land.'—Randle et al. v. Daughdrill, et al., 142 Ala. 490, 492, 39 South. 162 * * *. See, also, Lyon v. Arndt, 142 Ala. 486, 38 South. 242.

"It is difficult to lay down any definite rule as to what is a peaceable possession. While, as before stated, it is not necessary that there should be any proceedings in progress to test the right of possession, yet, on the other hand, it would not do to state that the mere fact that another denied the right of possession would render the possession not peaceable. The party denying the right of possession in the complainant must do something indicating that he claims to be in possession himself, thus opening the way for the party in possession to institute some proceeding against him and thus test their respective rights. Thus, in the case just cited, the action of trespass, trespass after warning, or possibly injunctive relief, was open to the complainant. This must be true, or the purpose of the statute would fail, to the extent that a party in possession, not being able to force the other party to litigate, and not being able to institute any proceedings himself, would be without remedy. * * *"

Applying the foregoing principles to the case before us, we are clearly of the opinion that there was ample evidence to support the trial court's finding that complainant did not have the required "peaceable possession" of the lands. We certainly cannot say that such finding was plainly and palpably wrong. Since it seems very probable that the parties' rights in the lands will be litigated further, we forego discussing the evidence. See Holderfield v. Deen, 269 Ala. 260, 262, 112 So.2d 448; Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 74, 127 So. 504.

This brings us to the real question in the case: Did the trial court, after finding that complainant was not in peaceable possession of the lands, have authority, under the pleadings, to go further and render the decree establishing ownership of the lands in respondent? We think not. See McGowin v. Felts, 263 Ala. 504, 506, 83 So.2d 228, supra; Crump v. Knight, 250 Ala. 393, 396, 34 So.2d 593; Price v. Robinson, 242 Ala. 626, 628, 7 So.2d 568; Grayson v. Muckleroy, 220 Ala. 182, 186, 124 So. 217; Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 521, 105 So. 675; Central of Georgia R. Co. v. Rouse, 176 Ala. 138, 57 So. 706; Holland v. Coleman, 162 Ala. 462, 468, 469, 50 So. 128; Ladd v. Powell, 144 Ala. 408, 410, 39 So. 46; Tilley's Alabama Equity Pleading and Practice, § 237, p. 314.

As said in Crump v. Knight, supra [250 Ala. 393, 34 So.2d 595]:

"In Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676, it was observed:

" '* * * * In the light of our former decisions, we are constrained to hold that the possessory acts herein indicated on the part of respondent were sufficient as a contest of complainant's possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. * * *'

"The court further observed: 'This conclusion destroys the jurisdiction of

the court over the cause at its very threshold and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell [144 Ala. 408, 39 So. 46] supra.'

"When the court determined that the complainant had failed to establish such possession as warranted the maintenance of his bill, this ended any litigable controversy between the parties, and the dismissal of the original bill carried with it the cross bill, as it was not rested upon any special equity independent of the equity asserted in the original bill. * * *"

In Price v. Robinson, supra, this court [242 Ala. 626, 7 So.2d 570], after concluding that complainants did not have peaceable possession of the lands, had this to say:

"This conclusion destroys the jurisdiction of the court over the cause, and renders unnecessary a determination of any issue as to the contest of title. These questions are properly here pretermitted."

From Grayson v. Muckleroy, supra [220 Ala. 182, 124 So. 220], is the following:

"* * * Proof of peaceable possession, actual or constructive, was necessary to sustain the equity of the bill, and in the absence of such proof the court was without jurisdiction to adjudicate and determine the title. * * *"

So much of the decree as undertakes to establish in respondent the ownership in fee simple of, and the right of possession in and to, the lands as described in the bill of complaint, is eliminated therefrom. As so corrected the decree will be affirmed without prejudice. Crump v. Knight, supra.

Corrected and affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.

On Rehearing.

MERRILL, Justice.

Although not specifically stated in Justice GOODWYN'S opinion, the court reached the conclusion that neither party was in peaceable possession, and that the evidence showed a scrambling possession.

■ We do not question the result reached on original deliverance in this cause. In every case we have read where this court found that there was a scrambling possession, no relief was granted to complainant or respondent under the quieting title statute, Tit. 7, § 1109 et seq. This is so because possession, actual or constructive, must be in the party whose title is quieted. It is obvious that neither party is entitled to recover under the statute when they are scrambling for possession.

Our disagreement is with the reason given for denying relief. This disagreement does not include the discussion of peaceable possession quoted from George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202.

■ There is a long line of cases holding that complainant must have actual or constructive possession, peaceable and undisputed, as distinguished from a disputed or scrambling possession, to be entitled to recover. 16 Ala.Dig., Quieting Title, ☞12 (9). There was no conflict, addition or subtraction to this rule until the case of Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676. In that case, this court held that the evidence showed a scrambling possession and dismissed the bill. This action was proper; but the following paragraph was added to the opinion:

"This conclusion destroys the jurisdiction of the court over the cause at

its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell, supra [144 Ala. 408, 39 So. 46.]"

Ladd v. Powell supports the result but not the proposition that the jurisdiction of the court is destroyed at its very threshold.

The statement was repeated in Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217. That case was an action in ejectment, and the comment was in connection with a discussion of the effect of a decree in a proceeding to quiet title under Tit. 7, § 1109.

A similar statement is made in McCaleb v. Worcester, 224 Ala. 360, 140 So. 595. The court found as a fact that the complainants failed to meet the burden of proving peaceable possession. Under all the cases, the complainant was not entitled to recover, and the result was correct, without the "jurisdictional" reason which was based on the Buchmann case.

This expression next appeared in Price v. Robinson, 242 Ala. 626, 7 So.2d 568. There again this court found that the possession was scrambling and properly dismissed the bill.

Later, in the case of Crump v. Knight, 250 Ala. 393, 34 So.2d 593, 596, this court followed the Buchmann case, and even though the trial court had held that complainant had neither possession nor title, but found for respondent under his cross-bill, we said:

"When the court determined that the complainant had failed to establish such possession as warranted the maintenance of his bill, this ended any litigable controversy between the parties, and the dismissal of the original bill carried with it the cross bill, as it was not rested upon any special equity independent of the equity asserted in the original bill. * * *"

This statement and its application conflicts with the holding of this court in cases decided prior to the introduction of the "jurisdiction destroyed" statement in the Buchmann case. See Collier v. Alexander, 138 Ala. 245, 36 So. 367; O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251; Vandegrift v. Southern Mineral Land Co., 166 Ala. 312, 51 So. 983; Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 So. 272; Rucker v. Jackson, 180 Ala. 109, 60 So. 139. In the opinion in each of the last four cited cases, this court made the categorical statement that the proof showed the complainant was not in possession, yet title was quieted in respondent. It is obvious that this court did consider that it had jurisdiction to decide the cases even when the complainant did not prove his allegation that he was in possession.

There would also be a conflict with those cases wherein this court has held that when it appears that the title to part of the land is in the complainant, and part in the respondent, the court should ascertain and declare these facts, and decree accordingly. Motley v. Crumpton, 265 Ala. 565, 93 So.2d 413; Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194; Friedman v. Shamblin, 117 Ala. 454, 23 So. 821.

In three other cases decided since Crump v. Knight, 250 Ala. 393, 34 So.2d 593, the statement of "jurisdiction" appears.

In McGowin v. Felts, 263 Ala. 504, 83 So.2d 228, 229, this court stated that—"complainant's possession was a disputed, contested or scrambling one." The result reached was proper without the additional observation as to the court's lack of jurisdiction.

In Mettee v. Bolling, 266 Ala. 50, 94 So. 2d 191, we held that a demurrer to a bill in the nature of a bill of review should have been sustained where the complainant failed to show a present interest, or an interest in his predecessor in title, to land which was

the subject of the decree sought to be reviewed. The "jurisdictional" observation was not necessary to the proper result in that case.

In Hart v. Allgood, 260 Ala. 560, 72 So.2d 91, 93, a suit filed under Tit. 7, § 1116, Code 1940, it was shown that complainant was not entitled to maintain his suit under any of the alternatives of the statute and the decree dismissing the bill was properly affirmed. The observation that "the trial court was without jurisdiction over the cause" was not necessary to reach the correct result.

■ It is the law both generally and specifically in statutory actions to quiet title, that allegations in pleadings go to the question of jurisdiction, and proof to the right of plaintiff to recover. (Of course, it is assumed that the court has jurisdiction of the parties and the subject matter.)

"The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of plaintiff to relief rather than to the jurisdiction of the court to afford it." 21 C.J.S. Courts § 35, p. 44.

In Adler v. Sullivan, 115 Ala. 582, 22 So. 87, decided just four years after the adoption of the statute, the court said:
"The mere reading of the bill in connection with the statute, under which it is filed,—(Acts, 1892–93, p. 42),—suffices to show that it contains the necessary averments under the act, to give the court jurisdiction and to authorize relief. * * *"

In Chestang v. Bower, 224 Ala. 469, 140 So. 537, 538, it was said:
"It is settled that, in proceedings under the statute to quiet title, if the averments of the bill and the answer conform to the requirements of the statute, the issues thus formed are broad enough to authorize the court to settle and quiet the title in one or the other of the parties, or, if it is shown that complainant owns part of the land and the defendant part, the decree may so declare, and settle the title accordingly, and to this end a cross-bill is not necessary."

In Stewart v. Childress, 269 Ala. 87, 111 So.2d 8, 12, we said:

"* * * Furthermore, it is well settled that in a proceeding under the statute, 'if the averments of the bill and answer conform to the requirements of the statute, the issues involve everything necessary to a determination by the court as to whether the complainant or the defendant has the superior title to the property, and it is proper for the court under the issues thus found to determine in which of the parties the title resides.' * * *"

See Elsheimer v. Parker Bank & Trust Co., 237 Ala. 24, 185 So. 385; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Collier v. Alexander, 138 Ala. 245, 36 So. 367.

In other of our cases, not proceedings to quite title, we find apt statements. "Jurisdiction, once acquired, cannot be defeated by subsequent events, notwithstanding their character is such as would have prevented jurisdiction originally attaching." McClellan, J., in Lassiter v. Wilson, 207 Ala. 669, 93 So. 598.

"When jurisdiction has attached the court has a right to decide every question duly presented and arising on the case; the hearing being at a time and place prescribed by law." Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759, 762.

■ Here, the complainant has made every allegation in his bill of complaint necessary to give the court jurisdiction.

There are expressions from other jurisdictions which illustrate the fallacy of the statement in the Buchmann case.

"The authority of a court to hear and determine a cause depends upon the allegations of the initiatory pleading, and not upon the facts." Eagle Cliff Fishing Co. v. McGowan, 70 Or. 1, 137 P. 766, 768.

"The jurisdiction of the subject-matter of any controversy in any court must be determined in the first instance by the allegations in the complaint or petition as the case may be, made in good faith, and does not depend upon the existence of a sustainable cause of action, or by the evidence subsequently adduced." 17 Standard Encyclopaedia of Procedure, p. 660, citing cases from several different jurisdictions.

"The jurisdiction of a court to entertain a cause, and the right of the plaintiff in such cause to finally prevail, present essentially different questions. The former is determined from an inspection of the record; the other results from a consideration of the facts as established by the proof." Young v. Hamilton, 135 Ga. 339, 69 S.E. 593, 597, 31 L.R.A.,N.S., 1057, Ann.Cas.1912A, 144.

"A complaint, setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court, and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged any more than upon the way it may decide as to the legal sufficiency of the facts proven." Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 98, 68 L.Ed. 308.

"Jurisdiction can never depend upon the merits of the case brought before the court, but only upon its right to hear and decide at all." Atwood v. Cox, 88 Utah 437, 55 P.2d 377, 381, and cases cited therein.

■ We think the authorities are ample to show that jurisdiction of a statutory procedure is invoked by the allegations, not the proof.

■ The nature and purpose of the proceeding under Tit. 7, § 1109 et seq., is such as to require an adjudication of the rights and claims of the parties at the time of the rendition of the decree. Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann.Cas.1915C, 1058.

This is spelled out in the statute. When the bill contains the allegations required in §§ 1109 and 1110, the respondent must, under § 1111, specify his title or claim and its source, or how it was derived and created.

■ At trial, the burden is on complainant to prove his allegations. If he cannot, he fails to recover and his suit cannot be maintained. But that does not mean that the equity court suddenly lost jurisdiction to proceed any further. The pertinent part of § 1112 provides that:

" * * * the court *shall* consider and determine any title, claim, interest, or incumbrance, and *shall*, * * *, finally adjudge and decree whether the *defendant* has any right, title, or interest in, or incumbrance upon, such lands, or any part thereof, and *what such right, title,* interest, or incumbrance *is,* and in or upon what part of the lands, the same exists; and such decree is binding and conclusive upon all the parties to the suit." (Emphasis supplied.)

We think we have explained most of the differences appearing in the cases under the quieting title statute. It follows that the "jurisdiction destroyed" statements in the cases of Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Price v. Robinson, 242 Ala. 626, 7 So.2d 568; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228; Mettee v. Bolling, 266 Ala. 50, 94 So.2d 191; Hart v. Allgood, 260 Ala. 560, 72 So.2d 91; Wilson v. Dorman, 271 Ala. 280, 123 So.2d 112, should be disregarded.

But the case of Crump v. Knight, 250 Ala. 393, 34 So.2d 593, 596, must be and it is overruled, because it was held that when complainant failed to prove possession, "this

ended any litigable controversy between the parties," even though title was quieted in respondent by the lower court.

For sixty-nine years, the bench and bar of this state have used Tit. 7, § 1109 et seq., to quiet title. In the great majority of cases, the complainant has had peaceable possession. But we are sure that title has been quieted many times in the respondent when possession was in him. Most of those cases probably were not appealed, but that was the holding of this court in 1907 in O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251, and later in subsequent cases already cited. To begin enforcing a rule that the court has no jurisdiction of a suit to quiet title when the complainant failed to prove his allegation of peaceable possession might put many titles in jeopardy.

Moreover, we cannot believe that the legislature had any intent to so narrow the application of the statute. The title shows that it was an act "To compel the determination of claims to real estate in certain cases and to quiet title to the same." Laws 1892–93, p. 42.

This statute has been used extensively in quieting title to wild, unoccupied or vacant lands, and to minerals. Usually, there is no actual possession, and in such cases, title draws to it constructive possession, and the party with the better title is also in possession. Is it reasonable to suppose that the legislature intended for a trial to proceed to a conclusion to decide the title to an oil or mineral interest and quiet the title when it was decided that the complainant had the better title, but to say the court had no jurisdiction to decide the case when the respondent has the better title? It seems that it would not only be anomalous but unreasonable to say that the legislature intended to enact a law giving relief to a complainant, but forbidding the same relief to a respondent, even though the statute requires the respondent to show his claim and title in full. The effect of this would be the court of equity becoming an agency for promoting a multiplicity of suits.

We think also that the doctrine of estoppel applies in cases where it is found that title and peaceable possession are in the respondent. This is implied in Burdett v. Rossiter, 220 Ala. 631, 127 So. 202, 204, where it was said:

"If original complainant fails to make proof of the jurisdictional fact of possession, he cannot have relief thereon.

"But when he brings in the respondent, who has set up by answer his claim of title, the rule is that respondent may by cross-bill have the state of his title adjudicated whether he is in possession or not. Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 253, 54 So. 272; Smith v. Rhodes, 206 Ala. 460, 90 So. 349."

We note that even though there was a cross-bill in Sloss-Sheffield S. & I. Co. v. Lollar, supra, the court said: "Under the statute, the defendant, on its answer, apart from the cross-bill feature, having established its prior right or title, was entitled to have its title and claim determined and adjudged by the decree of the court. Collier v. Alexander, 138 Ala. 245, 36 So. 367." [170 Ala. 239, 54 So. 276.]

Where the complainant brings the respondent into court under an allegation that complainant is in peaceable possession, and respondent sets up his claim as required by the statute, and then complainant fails to prove his peaceable possession, he should be estopped to urge a lack of jurisdiction when the respondent proves both peaceable possession and better title. Myers v. Moorer, Ala., 134 So.2d 168.[1] It is the rule in Alabama that when a party invokes the jurisdiction of a court of equity on an alleged state of facts which gives the court jurisdiction, he will not be permitted to assert an inconsistent theory which would deprive the court of jurisdiction. Hamilton

1. Post, p. 18.

18

v. Watson, 215 Ala. 550, 112 So. 115; Ray v. Hilman, 229 Ala. 424, 157 So. 676.

Assuming that the bill and answer conform to the requirements of the statute, and the respondent does make a claim, as distinguished from the disclaimer provided for in § 1114, we think the following principles should apply:

1. If there is only a scrambling possession, neither complainant nor respondent has actual or constructive possession and the bill should be dismissed. Lyon v. Arndt, 142 Ala. 486, 38 So. 242; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Holland v. Coleman, 162 Ala. 462, 50 So. 128.

2. If the complainant fails to make proof of peaceable possession, actual or contructive, he cannot have relief and is not entitled to have title quieted in himself. Hagler v. Boner, 221 Ala. 307, 128 So. 592; Holland v. Coleman, 162 Ala. 462, 50 So. 128.

3. If the respondent has made an adequate answer under Tit. 7, § 1111, and the proof shows that respondent has the better title and has peaceable possession, then respondent should have title quieted in himself. Collier v. Alexander, 138 Ala. 245, 36 So. 367; O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251; Vandegrift v. Southern Mineral Land Co., 166 Ala. 312, 51 So. 983; Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Rucker v. Jackson, 180 Ala. 109, 60 So. 139; Stewart v. Childress, 269 Ala. 87, 111 So.2d 8; Myers v. Moorer, post, p. 18, 134 So.2d 168.

The application for rehearing is overruled.

LAWSON, SIMPSON, STAKELY and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and GOODWYN, J., concur in the result.

GOODWYN, Justice (concurring specially).

I agree that the application for rehearing is due to be denied. I still hold to the view that the cases relied on when the case was originally considered are sound and that the trial court was without jurisdiction to quiet title in appellee-respondent for the reason that appellant-complainant did not have "peaceable possession" of the land. My views on the question are also further stated in the dissenting opinions in Myers v. Moorer, post, p. 18, 134 So.2d 172.

LIVINGSTON, C. J., concurs.