235 So.2d 794

**George P. WOOLF et al.**

**v.**

**Jacque L. OSWELL.**

**I Div. 620.**

Supreme Court of Alabama.

May 15, 1970.

James R. Owen, Bay Minette, for appellants.

Chason, Stone & Chason, Bay Minette, for appellee.

BLOODWORTH, Justice.

This is an appeal from a final decree dismissing complainants' bill of complaint which sought to quiet title to two parcels of real estate in Baldwin County, Alabama, and decreeing that the respondent (cross-complainant) is the owner of the two tracts.

Complainants George P. Woolf and Brunette Woolf filed their bill of complaint against Jacque L. Oswell in an in personam action to quiet title to two fractional parcels of land in Section 37, Township 2 North, Range 2 East, which Section lies within the regular Section 16. The bill alleges their peaceable possession; that respondent is reputed to have some claim, right, title, or interest in, or encumbrance upon the real estate; that no suit is pend-

ing to enforce or test the validity of such title, claim or encumbrance; and calls upon respondent to set forth and specify his title, claim, interest, or encumbrance, and by what instrument derived.

Respondent filed an answer and cross-bill against complainants, and certain others, seeking to quiet title in himself and seeking damages for trespass.

After answers were filed by the cross-respondents, save one, the case was tried by the chancellor ore tenus, with the exception of one deposition offered by cross-complainant.

After submission, the chancellor rendered a final decree, dismissing the original bill of complaint and decreeing that cross-complainant and respondent Jacque L. Oswell is the owner of the two parcels of land and entitled to the proceeds from timber cut by cross-respondents. From this decree complainants and cross-respondents have appealed.

Complainants' contention on this appeal seems to be that their evidence made out a prima facie case which the cross-complainant then had the duty to overcome, and having failed to do so, the complainants were entitled to the relief prayed for.

Numerous exhibits were introduced by the parties during the trial. These consisted of copies of deeds, maps, plats, assessment sheets, and oil and gas leases. Neither party has a perfect chain of record title. A number of the deeds introduced carried descriptions which were quite vague with respect to the subject property.

We can see no useful purpose to be served in attempting to set out the evidence in any detail. To understand the facts would require the use of several maps and plats to be set out in the report of the case.

We will observe that complainants did not acquire their deed to the subject property until 1964 and from grantors whom the evidence tends to show were never in possession themselves, nor exercised any acts

of ownership over the property. Neither did these grantors have record title to the property unless this clause in their deed (which conveyed title to other specifically described properties) be deemed sufficient, viz.:

"* * * and to all other property to which we may be entitled to by right of inheritance."

We also observe that a U. S. Government plat showing the lands in question as being in "Sec. 37, Tracts A & B * * *" was filed for record January 16, 1964. This plat, dated in 1913, shows these two tracts as being carved out of the regular Section 16, by Government survey. Complainants claim only ⅕ interest in these lands by virtue of their deed.

On the other hand, the evidence tends to show that cross-complainant obtained record title from his father in 1946. While the deed did not describe the two tracts with the same particularity as complainants' deed, we think the trial judge could find it was sufficient to pass title. Cross-complainant's father acquired title over thirty years ago. The evidence also tends to show that both cross-complainant and his father went into actual peaceable possession of the lands under their respective deeds. No one else ever claimed the property until complainant cut the timber in 1965. According to the evidence father and son have both been on the lands numerous times, sold timber off the lands and leased to oil and gas companies. For the past thirty years the lands have been leased for hunting to a hunting club.

We conclude that the trial court could find that complainants failed in their proof that they were in peaceable possession of the lands in suit. We said in Chestang v. Tensaw Land & Timber Company, 273 Ala. 8, 16, 134 So.2d 159 (1961), that the burden is on complainant to prove this allegation, otherwise he fails and his suit cannot be maintained.

We also held in *Chestang,* supra, that if proof shows the respondent has the better title and has peaceable possession then he is entitled to have title quieted in him. This is the result the trial court reached and we think it is supported by the evidence.

"Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect, regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281." Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598, 600 (1970).

We have carefully read the entire transcript, as well as the briefs and conclude the trial court's decree is fairly supported by credible evidence and is not plainly erroneous.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.