MADDOX, Justice.
This is a quiet title action. The trial judge heard the case sitting without a jury and made findings of fact and dismissed the case, writing: “Both plaintiffs and de *41 fendants claim record title and title by adverse possession. From an examination of the documents submitted during the trial, the Court cannot determine that either party has a title paramount to the other party.” The trial judge then dismissed the action. Both appellants and appellees argue that the trial judge erred in dismissing the action without settling the dispute as to possession of the land. We agree.
Under Code 1975, § 6-6-540, a party in peaceable possession of lands who claims to own either in his own right or as the personal representative of another party, and whose title is disputed by another person, may commence an action to settle the title to the land and to clear up all doubts or disputes concerning that land. The legislature clearly intended the courts to settle title disputes arising between parties in situations such as this one. It is undisputed that plaintiffs in the court below met all the statutory requirements, and, therefore, had a right to have the dispute resolved.
“The nature and purpose of the proceeding under Tit. 7, Sec. 1109, et seq. [now Code 1975, § 6-6-540], is such as to require an adjudication of the rights and claims of the parties at the time of the rendition of the decree.” Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 16, 134 So.2d 159, 166 (1961) (citing Rucker v. Jackson, 180 Ala. 109, 60 So. 139 (1912).
The judgment of dismissal is therefore reversed, and the cause is remanded to the Circuit Court of Covington County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ.